```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| NELSON AMBROSE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:08-cv-135-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) **MEMORANDUM OPINION AND ORDER** |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

                    **     **     **     **     **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a "severe" impairment which significantly limits his

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

**II. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for disability benefits May 11, 2006, alleging an onset of disability of April 13, 2002, due to low back pain, neck injury, pain in his right leg, high blood pressure, high cholesterol, and problems with his heart and lungs. [Administrative Record (hereinafter, "AR") at 119.] Plaintiff's application was denied upon his initial application and upon reconsideration. [AR at 61, 64-67, 69-75.] Upon Plaintiff's request, a hearing on his application was conducted on October 9, 2007, and his application was subsequently denied by Administrative Law Judge ("ALJ") Don C. Paris the following January 2.[2] [AR at 16-60, 76]. Plaintiff timely pursued and exhausted his administrative and judicial remedies, and this matter is ripe for review and

---

[2]The date stamped on this document is January 2, 2007. The Court presumes that the decision was actually made on January 2, 2008, and that someone simply forgot to adjust the date stamp to account for the new year. Since neither party complains of this inconsistency, the Court will consider it no further.

properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g). [*See* AR at 2-4.] Plaintiff was fifty-three-years-old at the time of the final decision by the ALJ. [AR at 34.] He has a high school education and past work experience at an ATV sales and repair shop. [AR at 37, 160.]

Having considered the evidence represented in the Administrative Record, the ALJ made the following findings of fact and conclusions of law in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since April 13, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: mildly severe chronic back pain secondary to degenerative disc disease with mild bulge at L4-5, right epicondylitis, hypertension, and right knee pain with status post right medial meniscus arthroscopic surgery (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform limited range of light work with the inability to climb ropes, ladders or scaffolds but may occasionally climb stairs or ramps, inability to operate foot pedals or work with hands held overhead, inability to kneel or crawl but can occasionally stoop, and he requires a sit-stand option with no prolonged standing or walking in excess of one

>hour without interruption.
>
>6.   The claimant is unable to perform any past relevant work (20 CFR 404.1564 and 416.965).
>
>7.   The claimant was born on September 26, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).  At age 50, the claimant became an individual closely approaching advanced age (age 50 to 54) (20 CFR 404.1563 and 416.963).
>
>8.   The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
>9.   Transferability of job skills is not material to the determination fo disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 415.966).
>
>11.  The claimant has not been under a "disability," as defined in the Social Security Act, from April 13, 2002 through the date of this decision(20 CFR § 404.1520(g) and 416.920(g)).

[AR at 21-27.]

**IV.  ANALYSIS**

Plaintiff alleges that the ALJ's finding as to his residual functional capacity is not supported by substantial evidence of record.  Specifically, Claimant argues that the ALJ erred in determining that he could perform light work because, by definition, "light work" requires a good deal of walking or standing and some pushing or pulling of arm or leg controls, yet

5

the record supports a finding that he cannot do these activities at the level indicated for "light work."[3]

The Court notes, however, that the ALJ found that Plaintiff had the RFC to perform a *limited* range of light work and specified Claimant's inability to climb ropes, ladders, and scaffolds; the occasional ability to climb stairs or ramps; an inability to operate foot pedals or work with his hands overhead; the inability to kneel or crawl, but the occasional ability to stoop; and that Plaintiff required a sit-stand option with no prolonged standing or walking in excess of one hour without interruption. Further, in presenting the hypothetical question to the vocational expert, the ALJ instructed the expert as to these limitations. [AR at 56-57.] Even taking into consideration the limitations which Claimant insists that he has and which the ALJ recognized in his assessment of the RFC and questions to the vocational expert, the vocational expert testified that there were thousands of light jobs that Plaintiff could do despite the limitations imposed. [AR at 56-58.]

The Court is not persuaded that the ALJ erred in assessing Claimant with an RFC to perform light work because that RFC

---

[3] By definition, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category can require a good deal of walking or standing or, when it involves sitting most of the time, some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, one must have the ability to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b) (2008).

included the limitations that Claimant insists he has, nor did the ALJ err in presenting the VE with a hypothetical question that specified light work but included these limitations, as well.

Ultimately, Claimant has identified no error in the RFC assessment, and, since the ALJ elicited testimony from the VE based on a hypothetical question which accurately reflected that RFC, there is substantial evidence in the record to support a finding that Plaintiff could perform a significant number of light and sedentary jobs that exist in the national economy. The decision of the ALJ, which is the final decision of the Commissioner, shall be affirmed.

**V.  CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1)  That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED;** and

(2)  That Plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 25th day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge